**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PANAMA CITY DIVISION**

| | |
|---|---|
| **CHRIST MOORE,** ) | **CIVIL ACTION NO.:** |
| ) | |
| **Plaintiff** ) | **SECTION:** |
| ) | |
| **versus.** ) | **MAGISTRATE:** |
| ) | |
| **CATALYST FABRIC SOLUTIONS,** ) | |
| **LLC,** ) | |
| ) | |
| _____**Defendant**_____ | |

## COMPLAINT

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff, Christ Moore (hereinafter "Plaintiff"), who brings this action against Catalyst Fabric Solutions, LLC ("Defendant") for damages arising out of Defendant's harassment, retaliation and termination of him in violation of the Family Medical Leave Act of 1993 ("FMLA") and/or the Families First Coronavirus Relief Act ("FFCRA").

## JURISDICTION

1. Plaintiff brings this action against Defendant to redress the deprivation of his rights secured by the FMLA and/or the FFCRA and thus jurisdiction is proper under 28 U.S.C. §1331.

1

## VENUE

2.  Venue is proper in the Northern District of Florida under 28 U.S.C. § 1391 because it is where Defendant is subject to personal jurisdiction, where Defendant does business in the State of Florida, and where the unlawful acts complained of occurred.

## PARTIES

3.  Plaintiff is a person of the age of majority and a citizen of the State of Florida. During all times relevant, Plaintiff was employed by Defendant at its Mariana, Florida location.

4.  Upon information and belief, Defendant is a Florida company doing business in the State of Florida within the Northern District of Florida.

## FACTUAL ALLEGATIONS

5.  All previous paragraphs are incorporated as though fully set forth herein.

6.  Defendant is engaged in commerce and/or engaged in an industry or activity affecting commerce.

7.  Defendant has employed 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year.

8.  At all times pertinent hereto, Defendants employed less than 500 persons.

9.  Therefore, Defendant is a covered employer under the FMLA and the FFCRA.

10. Plaintiff began working for Defendant as a Heat Transfer Specialist in 2018.

11. From 2018 to June 2020, Plaintiff worked full time for Defendant without incident.

12. Plaintiff worked 1250 hours for Defendant during the 12 months prior to needing leave to care for his son.

13. Plaintiff worked at a facility with more than 100 other workers.

14. Accordingly, Plaintiff is a covered employee under the FMLA.

15. Throughout his employment with Defendant, Plaintiff performed his duties in an exemplary fashion. Plaintiff was considered an exceptional employee and had no significant history of performance, attendance, or disciplinary issues.

16. In June 2020, Plaintiff's young son developed serious health issues and concurrent with this development, he was unable to find appropriate childcare due to COVID.

17. Plaintiff advised his employer that he needed to reduce his hours to care for his son and that he would need two weeks off for his son's surgery.

18. At the time, Defendant did not advise Plaintiff that leave under the Family Medical Leave Act and/or that leave under the Families First Coronavirus Relief Act was available, but Defendant did allow him to work a reduced schedule.

19. During this time, Plaintiff also took off two weeks to care for his son after his surgery.

20. In September 2020, when he was to return to work after his son's surgery, Defendants advised Plaintiff that they would no longer allow him to work a modified schedule to take intermittent FMLA leave to care for his son post-surgery.

21. Defendants then terminated Plaintiff because he could not return to work full time immediately.

22. Plaintiff did not use more than 12 weeks of leave under the FMLA during this time.

23. Defendant violated Plaintiff's protected rights under the Family Medical Leave Act 29 U.S.C. Section 2612 (a)(1), as amended, when it failed to inform Plaintiff that he was eligible to take leave under the FMLA because of his son's qualifying medical condition and/or his need to reduce his schedule to take care of his son due to childcare issues resulting from the COVID-19 pandemic.

24. In addition, pursuant to the provisions of the FMLA, Defendant was required to preserve Plaintiff's job during his absence caring for his son and accommodate his request for leave to care for his son.

25. Defendant's actions of harassing, retaliating against and ultimately terminating Plaintiff due to his exercising his rights under the FMLA is in direct violation of

the law.

## COUNT I: FAMILY AND MEDICAL LEAVE ACT

26. All previous paragraphs are incorporated as though fully set forth herein.

27. All or some of the Defendant's actions as set forth above constitute a violation of law, including discrimination and retaliation against Plaintiff for his rights under the Family and Medical Leave Act of 1993 (FMLA).

28. As a direct and proximate cause of Defendant's willful, wanton, and malicious acts described in part above, Plaintiff has sustained damages for the loss of his employment, as well as the security and peace of mind it provided him. Plaintiff has incurred additional damages including lost wages, pain and suffering, mental anguish, and other damages connected with the loss of his job.

29. Thus, Plaintiff is entitled to compensatory damages, lost wages, benefits, reinstatement, attorney's fees, and court costs.

## COUNT II:
## VIOLATION OF THE FAMILY FIRST CORONAVIRUS RESPONSE ACT ("FFCRA") P.L. 116-136, AS AMENDED

30. All previous paragraphs are incorporated as though fully set forth herein.

31. In June 2020, advised his employer that he needed to work a reduced schedule to care for his son due in part to his inability to find appropriate childcare services during the COVID-19 pandemic.

32. Defendant violated the FFCRA by discharging Plaintiff from her position based upon his inability to work a full schedule due to his need to care for his son during the coronavirus pandemic.

33. Pursuant to the FFCRA, the Defendant was prohibited from terminating Plaintiff for needing to take time off to care for his son due to a lack of appropriate childcare during the COVID-19 pandemic, and therefore shall be punishable under FLSA, 29 U.S.C. § 215 (a) (3).

## ATTORNEYS FEES

34. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay reasonable attorneys' fees.

## JURY DEMAND

35. Plaintiff demands trial by jury of all issues, claims, and defenses in this action that are triable as of right by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

a. Issue a declaratory judgment that Defendant's acts, policies, practices, and procedures complained of herein violated provisions of the Family Medical Leave Act of 1993 and/or the Families First Coronavirus Relief Act;

b. Enter judgment against Defendant that Plaintiff recovers compensatory damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

c. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

d. Order the Defendant to make whole the Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

e. Plaintiff further prays for such additional relief as the interests of justice may require.

Respectfully submitted,

/s/ *Mary Bubbett Jackson*
Mary Bubbett Jackson, (FL Bar No. 100852)
**JACKSON+JACKSON**
1992 Lewis Turner Blvd, Suite 1023
Fort Walton Beach, Florida 32547
T: (850) 200-4594
F:  (888) 988-6499
E: mjackson@jackson-law.net
Attorney for Plaintiff

**Please serve:**
Catalyst Fabric Solutions, LLC
Through its registered agent:
J. Philip Tyler, CPA, LLC
2910 Russ Street
Marianna, FL 32446